UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SCOTT BAKER,

                        Plaintiff,

- v -                                        Civ. No. 8:18-CV-950
                                                         (BKS/DJS)

CHAD SPINNER, *et al.*,

                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF NOREEN McCARTHY          NOREEN McCARTHY, ESQ.
Attorney for Plaintiff
P.O. Box 756
Keene Valley, NY 12943

JOHNSON & LAWS, LLC                  GREGG T. JOHNSON, ESQ.
Attorney for Defendants                      APRIL J. LAWS, ESQ.
648 Plank Road, Suite 204                 LORAINE JELINEK, ESQ.
Clifton Park, NY 12065

**DANIEL J. STEWART**
**United States Magistrate Judge**

# DECISION AND ORDER

On February 4, 2019, this Court, after an *in camera* review of submissions on behalf of Defendants, issued an Order permitting those Defendants who have appeared in the action to proceed with joint representation. Dkt. No 24. That Order stated: "the Court is satisfied that each party that consents to the joint representation does so knowingly and

voluntarily, and if a conflict exists, it is of a nature that can be waived by each party." *Id.* at p. 1. More than two months later, Plaintiff now moves for reconsideration of that Order. Dkt. No. 26. The Motion for Reconsideration is denied.

As a threshold matter, the Motion is denied as untimely. Under N.D.N.Y.L.R. 7.1(g), a motion for reconsideration must be made within fourteen days of the order at issue. *Oliver v. New York State Police*, 2019 WL 1324040, at *6 n. 4 (N.D.N.Y. Mar. 22, 2019); *Katen & Sons, Inc. v. Allegheny Trucks, Inc.*, 2018 WL 3159822, at *1 (N.D.N.Y. May 17, 2018). This Motion was filed more than two months after the Order permitting joint representation and is clearly untimely.

Even if it were considered on the merits, the Motion would be denied. "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff's Motion makes no reference to these standards and falls far short of satisfying them.

Plaintiff cites to no intervening change of law. Plaintiff's counsel candidly admits that she is unaware of the contents of the submissions made by Defendants regarding joint representation, Dkt. No. 26-1 at ¶ 4, but seeks reconsideration because she "believes that an actual conflict of interest exists." *Id.* at ¶ 7. The basis for that belief appears to be

counsel's expectation that in response to questions counsel "desires to ask" Yaddow and Spinner in discovery, *id.* at ¶¶ 10-11, those Defendants "may have directly contradictory defenses to the allegations in the Complaint." *Id.* at ¶ 12. This concern about potential answers to as of yet unasked discovery requests, is neither new evidence that warrants reconsideration, nor is it sufficient to establish that the prior Order was clearly erroneous or manifestly unjust. Such conclusory allegations are no basis for granting a motion for reconsideration and raise no issue with the propriety of the Court's prior Order. *See Guillory v. Ellis*, 2013 WL 2145658, at *7 (N.D.N.Y. May 15, 2013).

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties.

Date: May 15, 2019
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge